UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SCALES,<br><br>                    Plaintiff,<br><br>-against-<br><br>WEB DESIGN GATOR / INTERATIVE LABS,<br><br>                    Defendants. | 1:23-CV-6445 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 10, 2023, the Court granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), leave to file an amended complaint. Twenty days later, on October 30, 2023, Plaintiff filed a 264-page amended complaint in which he sues (1) Web Design Gator, and (2) Internative Labs, under both the court's federal question and diversity subject matter jurisdiction. He states the following in his amended complaint's relief section: "Money damages are pending, but the defendant is being sued for the amount of millions of dollars." (ECF 7, at 6.)

For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

### A.     The October 10, 2023 order

The Court's October 10, 2023 order addressed multiple deficiencies in Plaintiff's original complaint. Because it appeared that, in his original complaint, Plaintiff, who did not allege that he was an attorney, was asserting claims on behalf of other entities, the Court dismissed Plaintiff's claims that were asserted on behalf of entities other than any that were his sole proprietorship, without prejudice. (ECF 6, at 4.) The Court, however, granted Plaintiff leave to amend his complaint to allege facts showing that he was asserting claims on his own behalf and not on behalf of another entity. (*Id.*)

The Court's order also addressed Plaintiff's original complaint's failure to allege facts sufficient to invoke the court's federal question or diversity subject matter jurisdiction. Because Plaintiff's original complaint asserted claims of breach of contract and negligence, which are usually brought under state law, not federal law, the Court determined that Plaintiff's original complaint had not alleged facts sufficient to invoke the court's federal question subject matter jurisdiction. (*Id.* at 6.)

The Court construed Plaintiff's original complaint as attempting to assert claims under state law, under the court's diversity subject matter jurisdiction. (*Id.*) Because Plaintiff did not allege facts that clearly showed the state citizenship of Defendant Internative Labs or that Plaintiff's claims satisfied the jurisdictional amount for a diversity action (an amount in excess of the sum or value of $75,000), the Court determined that it was likely that it lacked diversity subject matter jurisdiction to consider this action. (*Id.* at 7-8.) The Court, however, granted

Plaintiff leave to amend his complaint to allege facts showing that the Court has subject matter jurisdiction to consider this action. (*Id.* at 8.) The Court specifically required Plaintiff, to the extent that he asserted state law claims under the court's diversity subject matter jurisdiction, to "allege facts showing that the parties are diverse and that his claims in this action, not taking into account claims in any other actions that he may have brought, satisfy the jurisdictional amount for a diversity action, amount in excess of the sum or value of $75,000." (*Id.*)

Because Plaintiff's original complaint also did not allege facts sufficient to show why this court is a proper venue for this action, under either 28 U.S.C. § 1391(b)(1) or (2), the Court further granted Plaintiff leave to amend his complaint to allege facts showing why this court is a proper venue for this action. (*Id.* at 8-9.)

**B.      Plaintiff's amended complaint**

In response to the Court's October 10, 2023 order, Plaintiff filed his amended complaint on October 30, 2023. The amended complaint names the same defendants that were named in the original complaint: (1) Web Design Gator; and (2) Internative Labs.[1] It also invokes both the court's federal question and diversity subject matter jurisdiction. The amended complaint states the following as to the federal constitutional or the federal statutory basis for Plaintiff's claims asserted under the court's federal question subject matter jurisdiction: "The defendant refuses to provide me a refund preventing the hiring of a new web developer in order to complete hired services in order to officially launch my companies Zyco, Exploy, and Capital Bell. The defendant's actions has disrupted my executive business plans." (ECF 7, at 2.)

---

[1] In one part of his amended complaint, Plaintiff seems to state that Defendants Web Design Gator and Internative Labs are one corporation that is both incorporated, and has its principal place of business, in California. (ECF 7, at 3.) In another part of his amended complaint, however, Plaintiff states that Defendant Web Design Gator is located in Los Angeles, California, and that Defendant Internative Labs is located in Lawrenceville, Georgia. (*Id.* at 4.)

In its statement of claim, the amended complaint alleges that the events that are the bases for Plaintiff's claims occurred on the "internet (online hiring)," in June 2022. (*Id.* at 5.) The amended complaint's statement of claim also includes the following:

> The [d]efendant is being sued for [b]reach of contract and [n]egligence. The defendant's actions ha[ve] prevented the official launch of multiple companies, which ha[ve] resulted in damages in many forms. The defendant's actions ha[ve] resulted in loss of revenue, depleted company investments, missed business opportunities, and has left company [i]nternet/mobile functionalities and business layouts vulnerable. The damages are estimated in the amounts of millions of dollars, possibly accumulating in the billions of dollars. The defendant's actions [a]ffect[] multiple companies, preventing the flagship company[ies] from launching. Additionally, the defendant refuses to provide a refund, preventing the hiring of a new web developer company in order to complete the company's websites and mobile applications. The defendant has also deliberately provided me false addresses in order to evade being served court documents.

(*Id.*)

As stated above, the relief section of Plaintiff's amended complaint states the following: "Money damages are pending, but the defendant is being sued for the amount of millions of dollars." (*Id.* at 6.)

## DISCUSSION

**A.      Claims on behalf of other entities**

In the Court's October 10, 2023 order, the Court noted that Plaintiff had not alleged, in his original complaint, that he is an attorney, and therefore, he could not assert claims on behalf of other entities (other than any entity that was his sole proprietorship). In his amended complaint, Plaintiff appears to again to assert claims on behalf of other entities that are not his sole proprietorship, and he still does not allege that he is an attorney. Accordingly, for the reasons discussed in the Court's October 10, 2023 order (ECF 6, at 4), the Court dismisses Plaintiff's claims that he asserts on behalf of other entities (not including any that are his sole proprietorship) without prejudice.

B.      **Subject matter jurisdiction**

Plaintiff's amended complaint does not allege facts sufficient to allow the Court to consider this action under its federal question or diversity subject matter jurisdiction. Plaintiff's amended complaint, like his original complaint, asserts claims of breach of contract and negligence. As discussed in the Court's October 10, 2023 order, such claims are usually brought under state law, not federal law. (*Id.* at 6.) Thus, Plaintiff's amended complaint, which provides no further legal or factual basis for federal claims, does not allege facts sufficient to show that the Court may consider the claims raised in it under the court's federal question subject matter jurisdiction.

Because the amended complaint is asserting claims under state law, the Court will examine whether it can consider such claims under its diversity subject matter jurisdiction. The Court refers to its October 10, 2023 order as to the requirements for an action to be considered under its diversity subject matter jurisdiction. (*Id.* at 5-7.) The amended complaint asserts that Plaintiff is a citizen of the State of New York, and that Defendants Web Design Gator and Internative Labs (apparently, as one entity) are incorporated and have their principal place of business in the State of California. (ECF 7, at 3.) Thus, the Court will assume, for the purpose of this order, that the parties are diverse.[2]

The amended complaint does not, however, allege facts sufficient to show, in good faith, that, to a reasonable probability, its claims under state law satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000. It merely states, in its

---

[2] An internet search confirms that Defendant Web Design Gator is located in Los Angeles, California; it is unclear whether it is a corporation. An internet search also confirms that Defendant Internative Labs is located in Lawrenceville, Georgia, and is a limited liability company. Plaintiff does not allege the state citizenships of any of the members of the Defendant Internative Labs.

5

relief section: "Money damages are pending, but the defendant is being sued for the amount of millions of dollars." (*Id.* at 6.) Such an assertion is conclusory and insufficient to show that the Court has diversity jurisdiction. *See Chavez v. Maker*, No. 18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) ("A plaintiff seeking to invoke diversity jurisdiction 'cannot meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" (citation omitted)), *report & recommendation adopted sub nom.*, *Chavez v. Wylie,* 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *G.distributors, LLC v. Scanlon*, No. 18-CV-2101 (NSR), 2018 WL 6329444, at *3 (S.D.N.Y. Dec. 3, 2018) ("Typically, a conclusory statement by a party that the amount in controversy is met is insufficient to support subject matter jurisdiction."). Accordingly, notwithstanding the Court's dismissal of claims above, the Court dismisses Plaintiff's claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**C.     Venue**

In addition, the amended complaint does not allege facts sufficient to show that this court is a proper venue for this action. The Court refers to its October 10, 2023 order as to the applicable law regarding venue. (ECF 6, at 8-9.) The amended complaint states that Plaintiff resides in New York, New York (*id.* at 3), which is within this judicial district, *see* 28 U.S.C. § 112(b) (the Southern District of New York includes New York County (Manhattan), New York). It also alleges, however, that the defendants are located in California and Georgia, respectively (*id.* at 4), and that the events that are the bases for Plaintiff's claims occurred on the "internet (online hiring)," (*id.* at 5). Thus, these allegations are insufficient to demonstrate, under either 28 U.S.C. § 1391(b)(1) or (2), that this court is a proper venue for this action. Accordingly, in addition to the reasons mentioned above, the Court dismisses this action as filed in the wrong venue. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

For the reasons discussed above, the Court dismisses this action. Accordingly, the Court also denies any pending motions as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge